```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| CHAUNTELLE LEE, | |
|         Plaintiff, | Civil Action |
|   v. | No. 11-5198 (JBS/KMW) |
| CHASE BANK USA, | **MEMORANDUM OPINION** |
|         Defendant. | |

**SIMANDLE,** Chief Judge:

    This matter is before the Court on Defendant's unopposed motion to dismiss pursuant to Rule 12(b)(6), Fed. R. Civ. P. [Docket Item 4.]  The Court finds as follows:

    1.  Plaintiff filed a complaint in the Burlington County Superior Court, claiming that Defendant violated the Fair Credit Reporting Act and that Defendant committed fraud.  Defendant removed the matter to this Court.  [Docket Item 1.]

    2.  The Complaint and attached affidavit contain very few concrete factual allegations.  The only fact clearly alleged is that Plaintiff's credit report contains false information, but does not explain the nature of the falsity.  There are other references to facts and events, but they are difficult to decipher statements about the contract between Plaintiff and Defendant.  For example, Plaintiff alleges that "Nowhere in the alleged agreement does it said that Plaintiff would be providing the value (through the contract entered in with defendant) to

fund this alleged line of credit revolving account(s)."  Compl. ¶ 10.  Among other basic information, the Complaint does not clearly set forth whether and in what amount money was lent to Plaintiff, or whether and what amount Plaintiff paid back.

    3.   The Complaint must be dismissed for three reasons.  First, in order to give Defendant fair notice of the conduct alleged to constitute violation of the Fair Credit Reporting Act and fraud, the Complaint must plead those facts about the conduct of Defendant giving rise to liability.  See <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).  These factual allegations must go beyond legal boilerplate and present a plausible basis for relief.  <u>See</u> <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1951 (2009).  As to both counts, the Complaint fails to set forth the minimally necessary information to understand the basis for Plaintiff's claims.  At a minimum, to plead a plausible claim, Plaintiff must explain what contract was entered into, whether and in what amount money want lent to her, and if money was given to Plaintiff and not paid back in full, why Plaintiff was not obligated to pay the money back.

    4.   Second, the private right of action under the Fair Credit Reporting Act is limited to § 1681s-2(b), and that liability is only triggered if Defendant received notice of the dispute from a consumer reporting agency, which Plaintiff has not alleged.  <u>See</u> <u>Evantash v. G.E. Capital Mortg. Services, Inc.</u>,

2

CIV.A. 02-CV-1188, 2003 WL 22844198 (E.D. Pa. Nov. 25, 2003).

5.   Third, Rule 9(b) of the Federal Rules of Civil Procedure requires that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  In addition to failing to set forth with sufficient clarity her arguments about the nature of the contract, Plaintiff fails to explain what conduct on the part of Defendant she alleges constituted fraud.  In particular, Plaintiff must identify the particular misrepresentation or omission that Plaintiff claims constitutes the fraud.

6.   Because the Complaint will be dismissed for failure to plead facts with sufficient clarity and specificity, Plaintiff will be given the opportunity to amend the Complaint to comply with Rules 8 and 9, Fed. R. Civ. P.  Plaintiff will have twenty-one days to file a motion to amend the complaint, and if no motion to amend is timely filed this dismissal will automatically become dismissal with prejudice.  The accompanying Order will be entered.

7.   The Clerk will close this case upon the docket.


**April 2, 2012**                               **s/ Jerome B. Simandle**
Date                                    JEROME B. SIMANDLE
                                        Chief U.S. District Judge